UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:16-CR-40-DPJ-FKB

JEROME BENAMON

ORDER

This closed criminal case is before the Court on two motions to strike filed by the Government [277, 282] and a motion for production of documents filed by Defendant Jerome Benamon [278]. As explained below, the Court grants in part and defers ruling in part on the Government's motions to strike; Benamon's motion is denied.

I.      Facts and Procedural History

In July 2018, a jury convicted Benamon under 18 U.S.C. §§ 2114 and 924(c)(1)(A) for his part in the armed robbery of Marvin Davis, a United States Postal Service Highway Contract Route Driver. Benamon filed a motion for new trial, which the Court denied, and the Court sentenced him to a 180-month term of incarceration. Benamon appealed, and on June 30, 2021, the Fifth Circuit affirmed the conviction.

For nearly two years after, no activity appeared on the docket, but in April of this year, Benamon began to pepper the Court with odd filings. On April 11, 2023, Benamon filed a document entitled Praecipe to the Clerk [275] that attaches a Revocable Living Trust Benamon apparently created in March 2023. Benamon then filed three Affidavits of Want of Authority [276, 280, 285], in which he suggests that the Assistant United States Attorneys who prosecuted him did so without authority. Those affidavits also accuse the Court of selling counterfeit bonds and identity theft. *E.g.*, Aff. [276] at 4.

These filings drew the Government's two motions to strike. And on April 24, 2023, Benamon filed his Demand for Production of Financial Records for Tax Issues seeking production of, among other things, the Assistant United States Attorneys' bar cards, unidentified "Articles of Incorporation" and "Articles of Association," an unidentified "IRS determination letter ruling on status," and the "By-Laws for the State of Mississippi." Mot. [278] at 1–2.

II.     Analysis

The Government asks the Court to strike the Praecipe and Benamon's three affidavits. Starting with the Praecipe, Benamon never explains why he filed it and the attached trust. Trusts are generally governed by state law, and the Mississippi Uniform Trust Code applies to trusts executed in Mississippi that do not specify another jurisdiction whose law controls. Miss. Code Ann. § 91-8-107. There is no pending matter before the Court involving Benamon's trust, so the Government's motions are granted as to the Praecipe [275].

Benamon's affidavits are harder to address and difficult to follow. In them, Benamon appears to challenge his conviction and sentence, asserting that the Assistant United States Attorneys lacked authority to prosecute him. He also accuses the Court of somehow engaging in misconduct. Starting with the authority to prosecute, Benamon does not appear to seek a sentence reduction under 28 U.S.C. § 3582(c), so maybe he is attempting to collaterally attack the conviction and sentence under 28 U.S.C. § 2255.

> Generally speaking, Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1999).

Because he represents himself, the Court must liberally construe the affidavits, and that often means re-characterizing a pro se litigant's submission to fit procedural requirements. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But re-characterizing a pro se submission as a § 2255 petition is different. Like all prisoners, Benamon is generally limited to filing one § 2255 petition. *See* 28 U.S.C. § 2244. And he must file that one petition within the time allowed in § 2255(f). Accordingly, a district court may not characterize a pro se filing as a § 2255 petition before warning the defendant "that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see* 28 U.S.C. § 2255(h) (limiting petitioner's ability to bring second or successive § 2255 motion to circumstances involving newly discovered evidence or a new rule of constitutional law). The Court must also provide "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro*, 540 U.S. at 383.

The Court therefore directs Benamon to respond to this Order on or before June 2, 2023, indicating whether he would like the Court to construe his affidavits as a § 2255 petition. If Benamon does not respond by the deadline, the Court will assume he does not wish to pursue a § 2255 petition at this time and will grant the balance of the Government's motions to strike. The Court thus defers ruling on the Government's motions to strike as to the affidavits.

Turning to the accusations against the Court, it is unclear whether they reflect a collateral attack on the conviction and sentence or whether Benamon intended to initiate a civil action against the Court or its officers. If the latter, it is unclear what type of action he intended. There is not enough information presented in the affidavits to re-characterize them as an inartful attempt to initiate a civil proceeding, and Benamon has paid no filing fees. Accordingly, the Clerk of Court is instructed to send Benamon Pro Se Form 14, Complaint for Violation of Civil

Rights. Should Benamon wish to file a complaint alleging a violation of his civil rights, he may use that form and submit it with either the filing fee or an application to proceed in forma pauperis. If he intends some other claim, he should so indicate.

Finally, Benamon's motion seeks wide-ranging production of documents, including items with no apparent relevance. But when "a defendant 'has already been tried and convicted and has no pending § 2255 Motion before the Court, there is no procedural basis for [a] Motion for Discovery[,] and it must be denied.'" *Hudgens v. United States*, No. 3:18-CR-0573-B-BH, 2020 WL 6683127, at *1 (N.D. Tex. Nov. 12, 2020) (quoting *United States v. McNair*, No. 1:00-CR-89-DCB, 2011 WL 2194015, *1 (S.D. Miss. June 6, 2011)).

If Benamon elects to characterize his affidavits as a § 2255 petition, and if the Court finds good cause to permit discovery, then Benamon may be entitled to conduct it. *See* Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("A judge may, for good cause, authorized a party to conduct discovery . . . ."). As it stands, there is no basis for the Court to order production of the documents Benamon seeks. His motion is denied.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Government's motions to strike [277, 282] are granted in part. The Praecipe is hereby stricken from the record. The Court defers ruling on the motions as to Benamon's affidavits. Benamon is directed to file a response to this Order, on or before June 2, 2023, indicating whether he wants the Court to treat the affidavits as a § 2255 petition. If Benamon does not respond, the Court will assume Benamon does not wish to pursue relief under § 2255, and it will grant the balance of the Government's motions to strike. Benamon's motion [278] is denied. The Clerk of Court shall mail Benamon Pro Se Form 14.

**SO ORDERED AND ADJUDGED** this the 18th day of May, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
